**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SANDRA VASQUEZ-KAYRUZ, | § | |
| INDIVIDUALLY, AND AS INDEPENDENT | § | |
| EXECUTRIX OF THE ESTATE OF DR. | § | CIVIL ACTION NO. 5:21-CV-136 |
| NAJI KAYRUZ | § | JURY DEMANDED |
| | § | |
| v. | § | |
| | § | |
| CVS PHARMACY, INC. AND BROOKE | § | |
| BALQUE | § | |

**DEFENDANT CVS PHARMACY, INC.'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant CVS Pharmacy, Inc. (hereinafter referred to as "Defendant" or "CVS"), hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), CVS sets forth the following "short and plain statement of the grounds for removal":

**A.  THE REMOVED CASE**

1.     The removed case is a civil action first filed in the 45th Judicial District Court of Bexar County, Texas on January 14, 2021, styled *Sandra Vasquez-Kayruz, Individually, and as Independent Executrix of the Estate of Dr. Naji Kayruz v. CVS Pharmacy, Inc. and Brooke Balque,* Cause No. 2021CI00825 ("State Court Action"). In the State Court Action, Plaintiff seeks to recover damages for the death of Dr. Naji Kayruz and asserts claims against CVS and one of its employees, Defendant Brooke Balque ("Balque" or "employee") under the Texas Dram Shop Act. Plaintiff alleges that on February 4, 2019, Melissa Peoples was sold alcohol by CVS and its employees, including Balque, at the CVS store located at 9089 Fair Oaks, Parkway, Fair Oaks, Texas 78015. Plaintiff further alleges that Ms. Peoples was obviously intoxicated

when she purchased the alcohol and presented a harm to herself and others. Plaintiff asserts that the negligent acts of Defendants were the proximate cause of the death of Dr. Naji Kayruz.

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders filed in the State Court Action as of the date of this pleading are attached to this Notice and incorporated herein for all purposes.

3.      Attached hereto are copies of the following documents:

**Exhibit 1:**      Index of State Court Filings

**Exhibit 2:**      The State Court's Docket Sheet

**Exhibit 3:**      Plaintiff's Original Petition

**Exhibit 4:**      Original Answer of CVS Pharmacy, Inc.

**Exhibit 5:**      Original Answer of Brooke Balque

**Exhibit 6:**      Civil Cover Sheet

**Exhibit 7:**      List of Parties and Counsel

4.      CVS will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the 45th Judicial District Court of Bexar County, Texas where the State Court Action is currently pending.

## B.  REMOVAL IS TIMELY

5.      CVS was served with Plaintiff's Original Petition ("Petition") on January 15, 2021. Since the thirtieth day of service of the Petition falls on February 14, 2021, this Notice of Removal is filed timely pursuant to 28 U.S.C. § 1446(b).

## C.  VENUE IS PROPER

6.      The United States District Court for the Western District of Texas is the proper

venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the 45th Judicial District Court of Bexar County, Texas is located within the jurisdiction of the United States District Court for the Western District of Texas.

### D.  DIVERSITY OF CITIZENSHIP EXISTS

7.     This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court because all properly joined and served parties are of diverse citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

8.     At the time of the filing of this Petition, Plaintiff was, and is still, to the best of Defendant's knowledge, and according to the Petition, a resident of Texas.

9.     CVS PHARMACY, INC. is a foreign corporation, organized and existing under the laws of the State of Rhode Island with a principal place of business at 1 CVS Drive, Woonsocket, Rhode Island.

10.     Defendant Brooke Balque ("Balque"), a former employee at CVS, was served with citation on January 26, 2021. Balque is a resident of the state of Texas. However, Balque is fraudulently or improperly joined to this action. Plaintiff's claims against Balque lack merit and, thus, her status as an in-state party should be disregarded for purposes of determining jurisdiction. *See Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (en banc), cer. denied, 544 U.S. 992 (2005). Balque consents to removal of this action.

11.     "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Corckett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)). The test for improper

joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood*, 385 F.3d at 573. To determine whether a party has a "reasonable basis of recovery under state law," courts apply a FED. R. CIV. P. 12(b)(6)-type analysis. *Id*.

12. Here, Plaintiff has no reasonable basis of recovery against Balque under the Texas Dram Shop Act. Section 2.03 of the Act governs liability of "providers" of alcoholic beverages. A provider is anyone "who sells or serves alcoholic beverages **under authority of a license or permit** or who otherwise sells an alcoholic beverage to an individual." TEX. ALCO. BEV. CODE § 2.01(1) (emphasis added). CVS is the provider under this definition as the holder of a license with the State of Texas authorizing it to sell alcohol. On the other hand, Balque, as the passive facilitator of the transaction, does not have an independent license to sell alcoholic beverages and should not be considered a provider under the Act.

13. Allowing Dram Shop claims against a retail employee like Balque is bad public policy. Texas adopted the doctrine of *respondeat superior*, which shifts financial responsibility of employees' negligent acts onto the employers. The purpose of this doctrine is, in part, to protect those harmed by employee negligence because employers are more likely able to shoulder the financial responsibility. Accordingly, precedent should not be created that permits retail customers to assert claims against employees in their individual capacities.

14. Because Balque is not a proper party to this lawsuit, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and CVS Pharmacy, Inc., the only properly joined Defendant, pursuant to 28 U.S.C. § 1332.

### E. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15. Plaintiff alleges in the Original Petition that she seeks damages "in excess of

$1,000,000.00."[1]

16.     Based on the aforementioned facts, the State Court Action may be removed to this Court by CVS in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) as for the properly joined parties, this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs as specifically plead in the Petition.

## F.  JURY DEMAND

17.     Plaintiff timely demanded a trial by jury in the State Court Action prior to the filing of this removal.

## G.  CONCLUSION

18.     For the reasons stated above, Defendant CVS PHARMACY, INC. requests that Cause No. 2021CI00825 now pending in the 45th Judicial District Court of Bexar County, Texas, be removed to the United States District Court for the Western District of Texas, San Antonio Division.

---

[1] *See* Plaintiff's Original Petition at pg. 5.

Dated: February 11, 2021

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    */s/ John A. Scully*
              **JOHN A. SCULLY**
              Texas Bar No. 17936500
              John.Scully@cooperscully.com
              **CHAD M. NELSON**
              Texas Bar No. 24102930
              Chad.Nelson@cooperscully.com

900 Jackson, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR DEFENDANTS**
**CVS PHARMACY, INC. AND**
**BROOKE BALQUE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of February, 2021, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

/s/ John A. Scully
**JOHN A. SCULLY**